IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | |
|---|---|
| UNLIMITED LIGHTING, L.C. and JEANNIE EVERLY, <br><br> Plaintiffs, <br><br> vs. <br><br> EAST BUCHANAN COMMUNITY SCHOOLS and DALE E. GREIMANN, <br><br> Defendants. | No. 06-CV-2007-LRR <br><br> **ORDER** |

_____

Before the court is the "Motions for Temporary Injunction and Expedited Hearing" (docket no. 5) ("Motion"). Plaintiffs Unlimited Lighting, L.C. and Jeannie Everly filed the Motion on January 31, 2006. In their Motion, Plaintiffs request that the court issue

> a temporary [r]estraining order [to prevent] the Defendants from constructing, causing to be constructed, preparing to construct the Project or issuing a notice to proceed on the Project, spending any moneys on the basis of any purported award or contract or from doing any other act to put an award of a contract into force and effect during the pendency of this action.

The Plaintiffs also ask that the court "set a time and place of a temporary injunction hearing and order that the Defendants be served with notice of time, place and nature of said hearing."

It appears "the Project" is a public project to install lighting at the East Buchanan Community School District's outdoor athletic facilities. In their Amended Complaint, Plaintiffs claim that Defendants violated 42 U.S.C. § 1983 when they failed to award the

Project to Unlimited Lighting, L.C., a minority owned business.

Plaintiffs filed their Motion pursuant to Federal Rule of Civil Procedure 65. In light of the Plaintiffs' request for a "temporary [r]estraining order" in its Motion, the court treats the Motion as a request for a temporary restraining order pursuant to Rule 65(b), as opposed to a request for a preliminary injunction pursuant to Rule 65(a). The court also notes that the Plaintiffs have not served Defendants and Rule 65(a) requires notice before the issuance of a preliminary injunction. *See* Fed. R. Civ. P. 65(a)(1) ("No preliminary injunction shall be issued without notice to the adverse party.")

Turning to the merits of Plaintiffs' Motion, Rule 65(b) provides:

> A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

Fed. R. Civ. P. 65(b). The Supreme Court has recognized that these "stringent restrictions" upon the issuance of ex parte temporary restraining orders "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted to both sides of a dispute." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 438-39 (1974). Ex parte orders are sometime necessary, "but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, no longer." *Id.* at 439.

The court reviewed the Plaintiffs' Amended Complaint, Motion and supporting materials. The court finds that Plaintiffs' attorney has not certified to the court in writing the efforts, if any, which have been made to give notice to the Defendants. Nor has Plaintiffs' attorney given reasons supporting Plaintiffs' claim that notice should not be required. For these reasons, the court declines to issue a temporary restraining order because the Plaintiffs have not complied with the stringent requirements of Rule 65(b). Fed. R. Civ. P. 65(b).[1]

In light of the foregoing, **IT IS HEREBY ORDERED THAT** Plaintiffs' "Motions for Temporary Injunction and Expedited Hearing" (docket no. 5) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 1st day of February, 2006.

*(signature)*
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1] The court also notes that it is unclear whether Plaintiffs are in danger of suffering immediate and irreparable harm. Plaintiffs admit in their Motion that Defendants have not yet started construction.